# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0655V

|  |  |
|---|---|
| VERONICA DEMOSS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 26, 2023 |

*Daniel Henry Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for Petitioner.*

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On June 15, 2022, Veronica Demoss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on November 1, 2019. Petition at 1. Petitioner further alleges that the vaccine was received in the United States, she suffered residual effects of her injury for more than six months, and neither Petitioner, nor any other person, has ever filed any action or received compensation in the form of an award or settlement for her vaccine-related injuries. Petition at ¶¶ 2, 8-15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 26, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 26, 2023, Respondent filed a proffer on award

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of compensation ("Proffer") indicating Petitioner should be awarded $87,550.80. Proffer at 5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $87,550.80 (comprised of $80,000.00 in pain and suffering, $4,540.95 in past unreimbursable expenses, and $3,009.85 in past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.