# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0655V

| | |
|---|---|
| VERONICA DEMOSS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2024 |

*Daniel Henry Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN,* for Petitioner.

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 15, 2022, Veronica Demoss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on November 1, 2019. Petition, ECF No. 1. On October 26, 2023, I issued a decision awarding compensation based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $13,954.50 (representing $12,233.00 in fees plus $1,721.50 in costs). Application for Attorney's Fees and Costs ("Motion") filed Mar. 26, 2024, ECF No. 37. Furthermore, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.*

Respondent reacted to the motion on March 26, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the hourly rate of $500.00 for all work performed by attorney Daniel Pfeifer for his time billed in the 2021-23 timeframe, representing a rate increase of $50.00 from 2019. ECF No. 37 at 3. I find this request reasonable, given Mr. Pfeifer's significant experience, and hereby award it herein.

Petitioner has also requested the hourly rate of $350.00 for work performed by attorney Peter D. Hamann for his time billed in the 2020-23 timeframe, representing a rate increase of $100.00 from the previous year. *Id.* at 3. Mr. Hamann has been a licensed attorney since 2017, placing him in the OSM Attorneys' Fees Schedules[3] range of $266 - $386 per hour for attorneys with four to seven years' experience. Although the sum sought falls within the Vaccine Program's published ranges, I find the requested increase excessive given Mr. Hamann's limited Vaccine Program experience.

For time billed in 2020, Mr. Hamann was previously awarded the *lesser* rate of $250.00 per hour. See *Gold v. Sec'y of Health & Human Servs.*, No. 19-0402V, Slip. Op 30 (Fed. Cl. Spec. Mstr. Mar. 26, 2021). I find no reason to deviate from Mr. Hamann's previously awarded rate. **Accordingly, I hereby reduce the attorney's fees requested to account for this rate discrepancy, resulting in a reduction of $350.00**.[4] And retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him.").

For work performed in the 2021-23 period, however, I find that it is reasonable to compensate Mr. Hamann as follows: for 2021, the hourly rate of $270.00; for 2022, $290.00 per hour, and for 2023, $310.00 per hour (representing a more modest dollar increase for each year). **Application of the foregoing results in a further reduction in fees to be awarded of $308.00**.[5]

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount is calculated as: ($350 - $250 = $100.00 x 3.50 hrs. = $350.00).

[5] This amount is calculated as: ($350 - $270 = $80 x 1.85 hrs.) + ($350 - $290 = $60 x 0.60 hrs.) + ($350 - $310 = $40 x 3.10 hrs.) =$308.00

Furthermore, the requested paralegal rate ($170.00 for 2020), exceeds the Vaccine Program's published range for that year. Thus, I hereby reduce the paralegal rate to $163.00 for all time billed in 2020, resulting in a reduction of **$26.60**.[6] For paralegal time billed in later years (2021-23) the rate of $170 is appropriate and no further reduction in fees is necessary.

Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF No. 37-2. I find the requested costs to be reasonable and shall award them in full. Respondent offered no specific objection to the amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$13,269.90 (representing $11,548.40 in fees plus $1,721.50 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Daniel Henry Pfeifer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[6] This amount is calculated as: ($170 - $163 = $7.00 x 3.8hrs.) = $26.60

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.